WATFORD, Circuit Judge, dissenting: I understand why the district court ordered the Department of Homeland Security (DHS) to provide a more fulsome administrative record. The agency’s decision to rescind DACA will profoundly disrupt the lives of hundreds of thousands of people, and a policy shift of that magnitude presumably would not have been made without extensive study and analysis beforehand. But the desire for greater insight into how DHS arrived at its decision is not a legitimate basis for ordering the agency to expand the administrative record, unless the plaintiffs make a threshold factual showing justifying such action. They have not done so here. As a result, I think the district court’s order constitutes “a clear abuse of discretion,” and the burden imposed by the order is exceptional enough to warrant the extraordinary remedy of mandamus. Cheney v. United States District Court for the District of Columbia, 542 U.S. 367, 380, 124 S.Ct. 2576, 159 L.Ed.2d 459 (2004). The district court’s order violates two well-settled principles governing judicial review of agency action under the Administrative Procedure Act. The first is that a court ordinarily conducts its review “based on the record the agency presents to the reviewing court.” Florida Power & Light Co. v. Lorian, 470 U.S. 729, 743-44, 105 S.Ct. 1598, 84 L.Ed.2d 643 (1985); see also Camp v. Pitts, 411 U.S. 138, 142, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973) (per curiam). If the, record compiled by the agency is inadequate to support the challenged action, the reviewing court will usually be required to vacate the agency’s action and remand for additional investigation or explanation. Florida Power, 470 U.S. at 744, 105 S.Ct. 1598. So in most cases the agency bears the risk associated with filing an incomplete record, not the challengers.. The second principle is that documents reflecting an agency’s internal deliberative processes are ordinarily not part of the administrative record. See In re Subpoena Duces Tecum Served on the Office of the Comptroller of the Currency, 156 F.3d 1279, 1279-80 (D.C. Cir. 1998); Kansas State Network, Inc. v. FCC, 720 F.2d 185, 191 (D.C. Cir. 1983). An agency generally has no. obligation to include documents that were prepared to assist the decision-maker in arriving at her decision, such as memos or emails containing opinions, recommendations, or advice. These pre-deci-sional materials are not deemed part of the administrative record, because they are ir- . relevant to. the reviewing court’s task. The court’s function is to assess the lawfulness of the agency’s action based on the reasons offered by the agency, Motor Vehicle Manufacturers Association of the United States, Inc. v. State Farm Mutual Automobile Insurance Co., 463 U.S. 29, 50, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983), not to “probe the mental processes” of agency decision-makers in reaching their conclusions. Morgan v. United States, 304 U.S. 1, 18, 58 S.Ct. 773, 82 L.Ed. 1129 (1938). Requiring routine disclosure of deliberative process materials would also chill the frank discussions and debates that are necessary to craft well-considered policy. See Assembly of the State of California v. Department of Commerce, 968 F.2d 916, 920 (9th Cir. 1992); San Luis Obispo Mothers for Peace v. Nuclear Regulatory Commission, 789 F.2d 26, 45 (D.C. Cir. 1986) (en banc) (plurality opinion). There are exceptions to these general rules. First, expansion of the record may be required when the agency fails to make formal findings and thus leaves the reviewing court unable to discern the agency’s reasons for taking the action that it did. See Public Power Council v. Johnson, 674 F.2d 791, 793-94 (9th Cir. 1982). (This exception doesn’t apply here because the memo issued by the Acting Secretary explicitly states her asserted'reason, for rescinding DACA: concern that, the program would be invalidated in threatened litigation.) Second, the record may be expanded if there is evidence that the agency cherry-picked the materials it included by omitting factual information undermining the conclusions it reached. See Portland Audubon Society v. Endangered Species Committee, 984 F.2d 1534, 1548 (9th Cir. 1993). And third, documents reflecting an agency’s internal deliberations may on occasion be made part of the record, but only if the challengers make “a strong showing of bad faith or improper behavior” on the part of agency decision-makers. Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 420, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971), abrogated on other grounds by Califano v. Sanders, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977); In re Subpoena Duces Tecum, 156 F.3d at 1279-80. The plaintiffs have not made the showing necessary to trigger either of the latter two exceptions. They have not shown any likelihood that factual information considered by the Acting Secretary and relevant to her decision has been omitted from the record. Indeed, it would be implausible to think that any such material exists, given the nature of the reason asserted by the Acting Secretary for rescinding DACA. Concern over the program’s vulnerability to legal challenge would rest not on factual information but on the legal analysis of lawyers. Documents analyzing DACA’s potential legal infirmities, prepared to assist the Acting Secretary in assessing the gravity of the litigation risk involved, fall squarely within the category of deliberative process materials mentioned above. They are presumptively outside the scope of what must be included in the administrative record (and may be privileged in any event). Nor have the plaintiffs attempted at this stage of the case to show bad faith or improper behavior on the part of the Acting Secretary. To be sure, they assert in their brief that they suspect her stated reason for rescinding DACA is pretextual. But bare assertions of that sort fall far short of the showing needed to overcome the presumption that agency decision-makers have acted for the reasons they’ve given. Because the plaintiffs have failed to establish that any of these exceptions apply, I don’t think the district court’s order can stand. The court directed DHS to include in the administrative record all DACA-related “emails, letters, memoranda, notes, media items, opinions, and other materials” considered by the Acting Secretary, and all such materials considered by any other government official—including officials from the Department of Justice and the White House—who provided the Acting Secretary with written or verbal input on the decision to rescind DACA. The court further expanded the record to include “all comments and questions propounded by Acting Secretary Duke to ad-visors or subordinates or others regarding the actual or potential rescission of DACA and their responses.” In my view, the district court exceeded the scope of its lawful authority to expand the administrative record. The order sweeps far beyond materials related to the sole reason given for rescinding DACA— its supposed unlawfulness and vulnerability to legal challenge. The order requires the inclusion of all documents mentioning DACA-related issues of any sort, and is overbroad for that reason alone. But even if the order had been limited to documents analyzing the risk that DACA might be invalidated, those materials are deliberative in character and thus could not be made part of the administrative record absent a showing of bad faith or improper behavior. And to the extent the order will compel the production of communications between the Acting Secretary and high-level officials in the White House—including, potentially, the President himself—the order raises the same sensitive separation-of-powers' concerns that made mandamus relief appropriate in Cheney. See 542 U.S. at 389-90, 124 S.Ct. 2576. These departures from settled principles are enough to establish that the district court’s order is “clearly erroneous as a matter of law,” which is the most important of the factors we consider when deciding whether to grant mandamus relief. In re Bundy, 840 F.3d 1034, 1041 (9th Cir. 2016). The other factors weigh in favor of granting relief as well. The order isn’t immediately appealable, and if relief is denied the harm inflicted will be immediate and irreparable. As the declarations submitted by the government attest, the search for documents responsive to the court’s order will be burdensome and intrusive, given the large number of government officials who may have provided written or verbal input to the Acting Secretary. And the damage caused by public disclosure of otherwise privileged materials can’t be undone following an appeal from the final judgment. This strikes me as a classic case in which mandamus relief is warranted, and I would therefore grant the writ.